## Dean et al. v. Dean.

February 23, 1951.

Rehearing Denied May 4, 1951.

William J. Baxter, Judge.

M. C. Redwine, Jr., and Redwine & Redwine for appellants.

J. Smith Hays, Jr., for appellee.

CLAY, COMMISSIONER—Affirming in part, reversing in part.

Appellant sought an absolute divorce from her husband on the ground of cruel and inhuman treatment. This relief was denied, but appellee was ordered to pay $16 a week for the maintenance of his two infant children. Appellant contends she was entitled to a divorce and alimony; that the allowance for the children is inadequate; and her attorneys request an increase in the amount of their fee.

The parties were married in 1938. In the summer of 1948 appellant moved from their home in Louisville to Winchester. She states as her reason for leaving: "He had been behind on the rent a number of times, he didn't work more than ten days—I worked before the children were born as long as I could. I even took their money from their banks to pay the rent one time when we were two months behind, and our landlord told us when I came home in June unless we could pay the back rent and keep it up that he would have to ask for the apartment, and that is what happened, he didn't pay up and he attached our furniture and gave us a week to pay our rent or get out."

When asked about the trouble between them, she stated: "The main thing he didn't work regularly and support us. I had to borrow from different ones, my family sent help. All the savings I put away for the children when I was working while the little girl was small I had to use that."

Appellant's principal complaint seems to be that her husband was lazy, would not find steady employment, and for that reason he did not support his family as well as he could. He is a carpenter by trade, but also has done gardening work. He did not belong to a union, but on some occasions had earned as much as $60 or $70 a week. He appears to have been constantly harassed by indebtedness of one kind or another. However, it appears that he did not spend his earnings on anything but his family.

The ground for divorce alleged by appellant was cruel and inhuman treatment. We think the Chancellor was fully justified in finding that the evidence was insufficient to show cause for divorce. The bonds of matrimony should not be severed simply because one or the other spouse has certain shortcomings. The case of Pur-

cell v. Purcell, 197 Ky. 627, 247 S. W. 760, is directly in point, and the facts are quite similar to those before us. The opinion states, 197 Ky. at page 631, 247 S. W. at page 762: "Summing up the whole evidence on this issue, we find only that the husband, being in very moderate circumstances and having a very small income with a growing family, possibly at times ,was not as generous with or considerate of his wife as a man of different nature and temperament might have been. But this falls short of cruel and inhuman treatment within the meaning of our statute."

The Court went on to say, 197 Ky. at page 632, 247 S. W. at page 762: "It is only persistent, studied, and habitual misconduct which, if persisted in, will eventually be treated as cruel and inhuman treatment, there being no physical violence or attempted violence."

On the facts shown, appellant was not entitled to a divorce.

On the question of maintenance for the two infant children, ages six and two, appellant introduced evidence to show that $16 a week was not sufficient to care for them. The mother is working, and it will be necessary for her to employ some one to look after the youngest child when she is away from home. The food and clothing costs will be substantial. We think the allowance for the children should be $25 a week.

Apparently the Chancellor fixed this allowance as low as he did because of some question concerning appellee's financial condition. It is shown, however, that he is a relatively young man, in good health, and capable of earning between $200 and $300 a month. He has a very positive responsibility to maintain his own children. At the present day and time, with a proper willingness to work on his part, he can amply furnish them their minimum needs. The allowance should be increased as indicated.

The Court allowed appellant's attorneys $75. This is a small fee, but little evidence was taken in the case, and it presented no unusual difficulties. Ordinarily a higher fee would be justified, were it not for the fact that we must consider appellee's ability to pay. Additional expenses have been imposed upon him as the result of this law suit, and his financial condition, as

shown by the record, is not too sound. We believe under the circumstances the Chancellor's judgment in this matter should be accepted.

The judgment is affirmed in part and reversed in part for further proceedings consistent with this opinion.